IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIANNA GRAY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-1255-K-BT |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment, requesting the Court grant summary judgment in its favor and dismiss Plaintiff's premises-liability suit with prejudice. Mot. 1 (ECF No. 30). For the following reasons, the District Court should GRANT the Motion.

## Background

On June 15, 2017, Plaintiff Tianna Gray was shopping at the 3155 Wheatland Road Walmart in Dallas, Texas, when she allegedly slipped and fell on water "that Walmart employees failed to clean up." Pl.'s Pet. 8 (ECF No. 1-3). After falling, Plaintiff spoke with the manager on duty and filed an incident report. *Id*. Plaintiff alleges that she suffered an acute medial meniscal injury to her left knee, "caused or worsened by the accident as she was free of knee pain prior to [it]." *Id*. Plaintiff then filed suit against Defendant Wal-Mart Stores Texas, LLC ("Walmart" or "Defendant") in Dallas County on March 29, 2019. *Id*. 7. And Walmart timely

1

removed Plaintiff's lawsuit to federal court on the basis of diversity jurisdiction. Removal Notice 2 (ECF No. 1).

On November 26, 2019, the Court granted Plaintiff's counsel's second motion to withdraw and reminded Plaintiff, now proceeding *pro se*, of her responsibility to comply with the Federal Rules of Civil Procedure and this Court's Local Rules; to conduct discovery to obtain the evidence she needs to prove her case; and to file a written motion should she wish to communicate with the Court. Order (ECF No. 17). Nonetheless, Walmart subsequently moved to compel Plaintiff to respond to its requests for production and interrogatories and to complete her initial disclosures. Mot. Compel (ECF No. 18).

The Court set Defendant's motion for hearing on February 12, 2020, required Plaintiff to attend in person, and warned her that her failure to appear in person would result in a recommendation that her case be dismissed for lack of prosecution. Order (ECF No. 20). Plaintiff did not attend the hearing. As a result, the Court granted Walmart's motion to compel and ordered Plaintiff to show cause in writing by February 28, 2020, explaining why she should not be sanctioned for failing to comply with the Court's order. Order (ECF No. 23). Plaintiff responded on February 27, 2020, stating that she failed to appear for the February 12 hearing because she did not know about it; she also represented she was unaware she no longer had an attorney. Pl.'s Resp. (ECF No. 24). Because Plaintiff timely responded to the Court's show-cause order, the Court, in its discretion, did not take further action concerning sanctions but instructed Plaintiff to respond to

Walmart's interrogatories and requests for production and to produce her initial disclosures. Order. (ECF No. 25). The Court also reminded the parties of this case's June 8, 2020 dispositive-motion deadline. *Id.* (citing Sched. Order 2 (ECF No. 8)). Walmart represents that as of the date it filed its summary-judgment motion "Plaintiff ha[d] not . . . responded to a single one of [its] discovery requests or disclosures required of her." Mot. 13.

Neither party filed a dispositive motion by the June 8, 2020 dispositive-motion deadline, Order (ECF No. 28), but on June 25, 2020, the Court granted Walmart's unopposed motion for leave to file its motion for summary judgment. Order (ECF No. 29). The Court informed Plaintiff that she must file a response to Walmart's motion by July 27, 2020. *Id.* The Court further warned Plaintiff that "[h]er failure to respond [to Walmart's motion] will be construed as abandonment of her claims. *Id.* (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue [her] claim beyond her complaint constituted abandonment." (citing *Vela v. City of Houston,* 276 F.3d 659, 679 (5th Cir. 2001)))). Plaintiff failed to respond to Walmart's motion for summary judgment, and the time to do so has expired. And Plaintiff never sought an extension or leave to file an out-of-time response. Accordingly, the Court considers Walmart's motion without the benefit of a response.

**Legal Standard**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)). The party opposing the summary-judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

4

## Analysis

Plaintiff pleads a single cause of action for "negligence," arising out of acts or omissions occurring on Defendant's premises. Pl.'s Pet. 9. "[C]ommon law negligence claims . . . are governed solely by state law." *Educare Cmty. Living Corp.-Tex. v. Wilmore*, 976 F. Supp. 1041, 1043 (E.D. Tex. 1997) (citations omitted). Accordingly, Texas law governs this diversity suit. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 195-96 (5th Cir. 2014) (per curiam) (explaining Texas law applied to removed lawsuit asserting "ordinary negligence, gross negligence, and premises liability claims against Kroger"). "Under Texas law, a person injured on another's property has two potential causes of action against the owner of the property: (1) a negligence claim for negligent activity on the premises, and (2) a premises liability claim for an unreasonably dangerous condition on the premises." *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 56 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd) (Busby, J.) (citing *Clayton W. Williams Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992)). "Although both liability theories are based on negligence principles, they are independent theories that require different elements of proof." *Id.* (citing *Olivo,* 952 S.W.2d at 529). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch*, 845 S.W.2d at 264). But "[w]hen the injury is the result of the property's

condition rather than an activity, premises-liability principles apply." *Id.* (citing *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex. 1992) (Cornyn, J.)).

Walmart contends "[t]he focus of Plaintiff's claims is on the premises, not any activity on the part of Walmart that contemporaneously resulted in Plaintiff's alleged injuries." Mot. 17. Indeed, Plaintiff alleges Walmart "as owner, operator and manager of the premises in question . . . owed a duty to act as a reasonable and prudent property owner," and breached that duty by: creating a condition on the premises posing an unreasonable risk of harm; permitting an unreasonable, dangerous condition; failing to conduct reasonable inspection of the premises; failing to timely clean the premises; failing to warn Plaintiff of the condition on the premises; failing to make safe a condition on the premises; failing to timely and properly remedy the condition on the premises; and failing to post warning signs to prevent Plaintiff's injury. Pl.'s Pet. 9-10. Notably, all of the ways Plaintiff pleads Walmart breached its duty involve a condition on the premises. Plaintiff does not allege any negligent activity occurred on the premises that contemporaneously resulted in her injury. *See id.* Thus, because Plaintiff pleads she "was injured by a condition created by the activity rather than the activity itself, [she] is limited to the premises liability theory of recovery." *Lucas v. Titus Cnty. Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied) (citing J. Hadley Edgar, Jr. & James B. Sales, *Texas Torts & Remedies* § 20.01 (1997) (citing *Stanley Stores, Inc. v. Veazey,* 838 S.W.2d 884, 886 (Tex. App.—Beaumont 1992, writ denied) (finding woman who slipped in soft-drink-display

6

puddle was not entitled to pursue a negligent-activity theory of liability because her fall was caused by a condition created by the activity rather than the activity itself))); *see also Occidental Chem. Corp.*, 478 S.W.3d at 648 (citations omitted) ("We hold instead that premises-liability principles apply to a property owner who creates a dangerous condition on its property, and that the claim of a person injured by the condition remains a premises-liability claim as to the owner-creator, regardless of how the injured party chooses to plead it."). Accordingly, the Court analyzes Plaintiff's negligence claim under a premises-liability theory.

### i. Premises Liability

Walmart is entitled to summary judgment on Plaintiff's premises-liability claim because Plaintiff identified no evidence raising a material fact issue as to any element of her claim. Under Texas law, to succeed on a premises-liability claim, a plaintiff must prove that: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014) (per curiam) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)).

To satisfy the first element of a premises-liability claim requiring a plaintiff to prove that the property owner had actual or constructive knowledge of the injury-causing condition, a slip-and-fall plaintiff must establish that "(1) the

7

defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998); *Keetch,* 845 S.W.2d at 265). Here, Walmart contends "Plaintiff cannot establish how the water came to be, whether the water was present long enough for an employee to discover it, or whether the water existed long enough to give Defendant a reasonable opportunity to discover it." Mot. 20. Further, Walmart asserts "Plaintiff cannot evidence that an employee in the course and scope of employment was close enough to the condition to discover it or that the condition was visible and apparent." *Id.* The Court agrees Plaintiff has not met her burden as to the first element. She offers no evidence that Walmart spilled the water on the floor or knew the floor was wet. Indeed, she offers no evidence explaining "how the water came to be." And she does not offer any evidence of how long the water was there so as to raise a fact issue as to whether Walmart had actual or constructive knowledge of the condition.

Next, a plaintiff fulfills the second element by proving that the injury-causing condition posed an unreasonable risk of harm—meaning that as a result of the condition, "there [was] sufficient probability a harmful event [would] occur [such] that a reasonably prudent person would have foreseen [the incident] or some similar event as likely to happen." *Sanmina-SCI Corp. v. Ogburn,* 153 S.W.3d

8

639, 642 (Tex. App.—Dallas 2004, pet. denied) (citing quoting *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)); *accord United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017) (quoting *Cnty. of Cameron*, 80 S.W.3d at 556). "Foreseeability requires only that the general danger of a harmful event occurring be foreseeable" not "how injuries will grow out of the dangerous situation." *Sanmina-SCI Corp. v. Ogburn*, 153 S.W.3d at 642 (citing *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex. 1996); *Clark v. Waggoner,* 452 S.W.2d 437, 440 (Tex. 1970)). Walmart argues "Plaintiff has not and cannot provide compelling evidence that [Walmart] knew a condition where Plaintiff fell posed an unreasonable risk of harm." Mot. 19. Specifically, Walmart notes "Plaintiff does not offer any evidence such as complaints of falls by other customers" to indicate the condition presented an unreasonable risk of harm. *Id.* Indeed, Plaintiff points to no evidence to create a fact question regarding whether the condition posed an unreasonable risk of harm.

To satisfy the third element, a plaintiff must establish that the property owner breached his or her duty to that plaintiff by failing to take reasonable care to reduce or eliminate the risk posed by the condition on the premises. Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Reyes v. Brookshire Grocery Co.*, 578 S.W.3d 588, 591 (Tex. App.—Tyler 2019, no pet.) (citing *Occidental Chem. Corp.*, 478 S.W.3d at 644; *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983);

9

*Smith v. Henger*, 226 S.W.2d 425, 431 (1950)); *see also Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (citations omitted) ("[T]he Court has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee."). "An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both." *Austin*, 465 S.W.3d at 202 (internal quotation marks omitted) (quoting *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996) (per curiam)). But "[a] landowner is not an insurer of a visitor's safety," and his or her "duty to invitees is not absolute." *Id.* at 203 (citations and internal quotation marks omitted). Thus, a premises-liability defendant "has 'no duty' to take safety measures beyond those that an ordinary, reasonable landowner would take." *Id.* at 204. Walmart contends "there exists no evidence that [it] failed to address or warn of a premises condition of which it had knowledge and which was not open and obvious to invitees." Mot. 21-22. Here, the Court finds Plaintiff was a business invitee, but she points to no evidence raising a fact issue regarding whether Walmart failed to make the premises safe or to warn her of a dangerous condition.

Last, to satisfy the fourth element, a plaintiff must prove that the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused his or her injuries. Proximate cause has two elements, cause-in-fact and foreseeability, *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) (citing *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992)), which "cannot be

10

established by mere conjecture, guess, or speculation." *Id.* (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). "The test for cause in fact, or 'but for causation,' is whether the act or omission was a substantial factor in causing the injury 'without which the harm would not have occurred.'" *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003) (per curiam) (quoting *Doe*, 907 S.W.2d at 477). And foreseeability, "the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Doe*, 907 S.W.2d at 478 (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549-50 (Tex. 1985)). "The danger of injury is foreseeable if its 'general character . . . might reasonably have been anticipated.'" *Id.* (quoting *Nixon,* 690 S.W.2d at 551). Walmart states "[t]here exists no evidence that Plaintiff's fall was proximately caused by any action or inaction on the part of Defendant." Mot. 22. Here also, Plaintiff offers no evidence raising a fact issue as to whether Walmart's alleged failure to use reasonable care to reduce or eliminate the risk of harm on the premises proximately caused her injury.[1]

Because Plaintiff has offered no evidence raising a material fact issue as to any element of her premises-liability claim—indeed, she has not responded or

---

[1] Even if the Court had determined Plaintiff's allegations supported a negligent-activity claim, Plaintiff would be required to prove that activity proximately caused her injuries. *W. Invs., Inc.*, 162 S.W.3d at 550-51 ("Negligence and premises liability, therefore, involve closely related but distinct duty analyses. But we need not delve into this distinction to resolve this case because recovery under either cause of action is foreclosed in the absence of evidence that [the apartment complex's] acts or omissions proximately caused [defendant's son's] injuries."). Because Plaintiff fails to offer any proof concerning proximate cause, such a claim would similarly fail.

offered any evidence all—the Court finds that Plaintiff has abandoned her claim and that Walmart is entitled to summary judgment. *See Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (citing *Black.,* 461 F.3d at 588 n.1 (claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater,* 181 F.3d 703, 708 n.5 (5th Cir. 1999) (plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Thompson v. Exxon Mobil Corp.,* 344 F. Supp. 2d 971, 977 (E.D. Tex. 2004) (where plaintiff only responded to defendant's summary-judgment motion on two claims, remaining claims were deemed to have been abandoned)) ("Plaintiff has made no response to the Individual Defendants' request for summary judgment on this claim against them, and has presented no evidence raising a material fact issue as to this claim. Accordingly, this claim is deemed abandoned, and the Court will enter summary judgment for Defendants . . . ."); *see also Celotex Corp.*, 477 U.S. at 323 ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."). Accordingly, the District Court should grant Walmart's motion for summary judgment and dismiss Plaintiff's claim against it with prejudice.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Defendant Wal-Mart Stores Texas, LLC's motion for summary judgment (ECF No. 30) and DISMISS Plaintiff's claim against it with prejudice.

**SO RECOMMENDED.**

November 6, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).